IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MITCHELL G. ZIMMERMAN,

                        Plaintiff,

    v.

ANTHONY L. BROADBENT and CATHY
BROADBENT,

                        Defendants.

OPINION AND ORDER

16-cv-827-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prisoner and pro se plaintiff Mitchell G. Zimmerman is proceeding in this case on claims that defendants Anthony L. Broadbent and Cathy Broadbent retaliated against him in violation of the First Amendment by terminating him from his prison job. Now before the court are plaintiff's motion for leave to file an amended complaint that adds state law claims dismissed previously at the screening stage, dkt. #49, plaintiff's motions for reconsideration of his request to extend deadlines, dkt. #96, and plaintiff's motion to cure jurisdictional defect. Dkt. #102. I am denying all of the motions.

Plaintiff seeks to file an amended complaint to include state law claims that were dismissed at screening for plaintiff's failure to allege that he had complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. As explained previously, "Section 893.82 is jurisdictional and *strict* compliance is required." Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997). Plaintiff's proposed amended complaint does not establish that he has complied with § 893.82. Nonetheless, plaintiff argues that his failure to strictly comply

1

with § 893.82 is irrelevant because the requirements of § 893.82 apply only to claims for monetary relief, whereas he is seeking only injunctive and declaratory relief on his state law claims. Although plaintiff is correct when he says that plaintiffs seeking only injunctive and declaratory relief need not submit notices of claim, Lewis v. Sullivan, 188 Wis. 2d 157, 170, 524 N.W.2d 630, 634 (1994), limiting his request for relief does not help plaintiff in this case because sovereign immunity principles prohibit federal courts from enjoining state officials under state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). This limitation applies not just to injunctions, but to declaratory relief as well. Benning v. Board of Regents of Regency Universities, 928 F.2d 775, 778 (7th Cir. 1991). In sum, this court cannot grant the relief plaintiff seeks. Accordingly, plaintiff's request to amend his complaint to add state law claims will be denied as futile.

This leaves plaintiff's motion regarding a potential "jurisdictional defect" and his motion for reconsideration of the magistrate judge's denial of his request to extend the deadlines for disclosing experts and filing dispositive motions. In his motion regarding jurisdiction, plaintiff questions whether he can appeal the magistrate judge's order denying his request to extend deadlines, or whether there is a "jurisdictional defect" that prevents him from doing so. Under 28 U.S.C. § 636(b)(1)(A), the magistrate judge may issue nondispositive orders in pretrial matters and the parties may seek review from the trial judge assigned to the case. There is no jurisdictional defect that needs to be corrected before plaintiff may seek review of the order.

With respect to plaintiff's motion to extend deadlines, the magistrate judge denied the

2

request because plaintiff had made no showing that expert testimony would be useful in this case, that any experts were available to testify or that plaintiff was attempting to retain an expert. Dkt. #79. As for the dispositive motion deadline, plaintiff complained that discovery was moving slowly, but he has not shown any reason for extending the deadline. Id. In his motion for reconsideration, plaintiff says he needs additional time because he wishes to introduce the testimony of two individuals with whom he used to work who could testify as to his abilities. Dkt. #96. Such testimony would qualify as expert testimony only if it were based on the witness's "scientific, technical or other specialized knowledge," Fed. R. Evid. 702, and plaintiff has not suggested that his proposed witnesses have such knowledge. Rather, their proposed testimony would fall into the category of character evidence and would likely be inadmissible under Fed. R. Evid. 404. Accordingly, plaintiff has not shown any basis for extension of the expert disclosure or dispositive motion deadlines.

ORDER

IT IS ORDERED that plaintiff Mitchell G. Zimmerman's motion for leave to file an amended complaint, dkt. #49, his motions for reconsideration of the magistrate judge's decision denying extension of deadlines, dkt. #96, and his motion to cure jurisdictional defect, dkt. #102, are DENIED.

Entered this 5th day of February, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge