IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MITCHELL G. ZIMMERMAN,

                Plaintiff,

     v.

ANTHONY L. BROADBENT and CATHY
BROADBENT,

                Defendants.

OPINION AND ORDER

16-cv-827-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prisoner and pro se plaintiff Mitchell G. Zimmerman is proceeding in this case on claims that defendants Anthony L. Broadbent and Cathy Broadbent retaliated against him in violation of the First Amendment by terminating him from his prison job. Now before the court are plaintiff's motion to "test the sufficiency of answers to plaintiff's requests for admissions and [to] compel discovery," dkt. #89, and motions for counsel, dkt. ##120, 121, 122. I am denying all of the motions.

OPINION

A. <u>Motion to Test Sufficient of Answers and Compel Discovery</u>

Plaintiff challenges two discovery responses from defendant Cathy Broadbent as inaccurate or incomplete. In his Request for Admission No. 3, plaintiff asked Broadbent to admit that she is "in charge of the law library and hiring and supervising law clerks." Broadbent denied the admission request. Plaintiff argues that the denial is unfounded because

1

Broadbent's job description states that she is responsible for "law library activities," including "supervis[ing] Law Library Inmate clerks." Plt.'s Br., dkt. #89, at 1. In their response to plaintiff's motion, defendants clarify that they denied that Cathy Broadbent is "in charge" of the law library because Broadbent works "under the direction of the Corrections Programs Supervisor." Dfts.' Br., dkt. #106, at 3. Defendants' clarification makes sense and confirms that there is no real discovery dispute to be resolved by the court with respect to this admission request.

Plaintiff's second challenge is to defendants' response to his third interrogatory request to Cathy Broadbent, in which plaintiff asked, "Approximately how much time in minutes and hours do you believe you actually spend inside the law library on Echo Unit that Plaintiff worked in, while plaintiff was the law clerk of the Echo Unit?" Plt.'s Br., dkt. #89, at 2. Defendants objected to the interrogatory as irrelevant, but also answered that Broadbent's work schedule was 7:00 a.m. to 3:00 p.m., Monday through Friday, and that she would "occasionally" go to the law library. Id. Plaintiff argues that this answer is too vague to provide an appropriate response.

I agree with plaintiff that his interrogatory is relevant to the claims he is making, as he intends to argue that defendant Cathy Broadbent had so little interaction with him that the work evaluation on which she purportedly relied in terminating his employment was pretext. However, defendants state in their response that Broadbent does not know how much time "in minutes and hours" she spent in the law library, that specifying a specific amount would be speculation and that, in any event, defendants do not intend to dispute that Broadbent "did

not spend a significant amount of time on a regular basis physically in the law library." Dfts.' Br., dkt. #106, at 5. Because I cannot compel Broadbent to remember details about her work schedules and because defendants have conceded that Broadbent did not terminate plaintiff on the basis of an extensive observation of his work abilities, I will deny plaintiff's motion.

B. Motions for Assistance in Recruiting Counsel

Plaintiff has also filed motions requesting the court recruit counsel to represent him in this case. He argues that his claims are legally and factually complex, he is having difficulty obtaining declarations from inmate witnesses and he has mental health problems, including bipolar disorder and social anxiety that make it difficult for him to litigate this case on his own. Plaintiff has shown that he made reasonable efforts to obtain counsel on his own by contacting several lawyers about this case. Dkt. #81.

In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this instance, plaintiff's claim is not complex when compared with those of many other claims submitted by pro se litigants. The primary issue in this case is whether defendants terminated plaintiff's employment because of his protected speech or because he was disruptive. Plaintiff has first-hand knowledge of most of the relevant facts and has demonstrated his ability to present his version of events, as well as cite supporting case law. Plaintiff's submissions demonstrate that he understands the applicable legal standards and knows how to advocate for himself. His filings are legible, coherent and

contain reasoned and thoughtful arguments. Thus far, I have seen no indication that plaintiff's mental health problems have adversely affected his ability to represent himself.

Additionally, recruiting counsel would not guarantee that plaintiff could obtain statements from inmate witnesses, as witnesses have no obligation to provide declarations on behalf of plaintiff to support his summary judgment filings. Moreover, I am not persuaded that plaintiff needs such declarations at the summary judgment stage. If plaintiff was present for the relevant events, he can submit his own declaration describing events. He does not need declarations from numerous witnesses to create a factual dispute. As long as his own declaration is based on personal knowledge, it will be enough to present his version of events. If this case proceeds to trial, the court will provide plaintiff information on how to subpoena witnesses he wishes to call. In sum, I am not persuaded that the complexities of this case exceed plaintiff's ability to litigate it on his own. Therefore, I am denying plaintiff's motions.

ORDER

IT IS ORDERED that plaintiff Mitchell G. Zimmerman's motion to compel, dkt. #89, and motions for assistance in recruiting counsel, dkt. ##120, 121, 122, are DENIED.

Entered this 21st day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge